UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CASCADE ACCEPTANCE CORPORATION,             No. 09-13960

                         Debtor(s).
_____/

Memorandum on Objection to Application for Compensation
_____

       The primary job of the Creditors' Committee in a Chapter 11 case is to represent the interests of unsecured creditors. In many Chapter 11 cases, the Committee is an ally of the debtor in possession supporting efforts to reorganize, often in the face of opposition from secured creditors. That was not the case here. The Committee was a thorn in the side of the Debtor in this case from its inception. The court could see this case was going to be somewhat unusual when the Committee filed a seemingly baseless objection to the cash collateral stipulation the Debtor had reached with the secured creditor.

       During the case, the Committee took the position that the reorganization efforts were primarily aimed at protecting the interests of the Debtor's insiders and equity interests. The Committee supported the retention of an examiner to review the Debtor's conduct and filed numerous objections to claims filed by insiders. The Debtor and the Committee entered into negotiations to resolve these objections and reach a consensus on a plan of reorganization. When these negotiations failed, the Debtor converted the case to Chapter 7.

       Counsel for the Committee, Farella Braun + Martel LLP, has filed an application pursuant to §330(a)(1) of the Bankruptcy Code for allowance of $400,814.50 in fees and $9,090.29 in expenses

incurred while the case was in Chapter 11. A group of insiders, largely the persons who filed the claims to which the Committee objected, has objected to the fee application.

The primary ground for the objection is circumstantial: the time expended by counsel for the Committee was far greater than the time spent on the case by counsel for the Debtor. While in typical cases the time spent by counsel for the Committee will be comparable to the time spent by counsel for the debtor, a disparity is not *per se* a ground for disallowance. It is really nothing more than a basis for inquiry. In this case, the Committee and the Debtor were at loggerheads and had different agendas. That completely explains the difference in time spent on the case. The difference having been satisfactorily explained, there is no reason for the court to limit the fees of Committee counsel just because its fees exceed by a considerable sum those incurred by Debtors' counsel.

The objecting parties make a related argument that the fees of the Committee counsel should be limited to those ordinarily charged by a small local law firm like Debtor's counsel and not a large San Francisco law firm. However, there is no logical or legal basis for such a restriction. This court is only an hour's drive from San Francisco, and San Francisco law firms appear here on a regular basis. The Committee was free to retain its own counsel, and presumably understood that hiring a San Francisco law firm would result in a larger legal bill having priority over general unsecured claims. The members of the Committee appear sophisticated and all have substantial claims. Their choice of counsel appears to be reasonable and far from unusual.

The fact that the San Francisco law firm hired by the Committee charged a higher hourly rate than Santa Rosa attorneys does not justify a reduction to Santa Rosa rates. See *In re Baldwin United Corp.,* 36 B.R. 401, 402 (Bkrtcy.S.D.Ohio 1984). There is no evidence that the rates charged by Committee counsel are anything other than normal hourly rates. Those rates are comparable to other San Francisco law firms. The normal hourly rates of comparably skilled counsel in nonbankruptcy cases are the starting point in a fee award. 11 U.S.C. § 330(a)(4)(F). Where the court approves employment of out-of-town counsel, it also tacitly approves out-of-town rates. *In re Allegheny Intern., Inc.,* 131 B.R. 24, 31 (W.D.Pa. 1991).

Case: 09-13960    Doc# 379    Filed: 03/01/11    Entered: 03/02/11 10:00:24    Page 2 of 3

The objection questioned the propriety and amount of several individual areas of billing. However, counsel for the Committee was able to justify each item. The court finds no improper or excessive amounts in the fee application.

The court understands the objecting parties' frustrations. To some extent, they were shared by the court. During the course of the case the Committee regularly - indeed, predictably - took positions which were combative and uncooperative. However, the court cannot reduce a fee merely because counsel forced the court to work. There is every indication that the actions of the Committee's counsel were done with the knowledge and consent of the Committee and at its direction and furthered the creditors' legitimate interests. None of the actions came close to a breach of ethics or a violation of Rule 9011 of the Federal Rules of Bankruptcy Procedure. The court accordingly finds no basis for disallowance of any fees.

For the foregoing reasons, the objection will be overruled and the application allowed as filed. Counsel for the Committee shall submit an appropriate form of order.

Dated: March 1, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge