UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CASCADE ACCEPTANCE CORPORATION,     No. 09-13960

Debtor(s).
_____/

Memorandum on Application for Compensation
_____

     Farella Braun Martel LLP was counsel to the Creditors' Committee when this case was in Chapter 11, and was awarded over $400,000.00 in compensation for its services during that time. It has now filed an application for an additional $54,049.50 for services and $2,077.14 for costs for the period from July 13, 2010 (following the July 12, 2010 Conversion Date) through January 31, 2011. The application seeks compensation for "services performed for the Committee in light of the Conversion Motion, and other post-Conversion Date work for the Committee, as well as preparation of the Chapter 11 Fee Application, and (successfully) responding to objections thereto by certain Insiders." One creditor has filed an objection.

     Compensation may only be awarded to professionals only if permitted by § 330 of the Bankruptcy Code. *Lamie v. U.S. Trustee,* 540 U.S. 526, 124 S.Ct. 1023 (2004). Such professionals include an attorney employed by a Chapter 11 Creditors' Committee with court approval. Once the case is dismissed or converted to Chapter 7, the provisions of Chapter 11 relating to committees and their powers no longer apply and the committee is dissolved. 11 U.S.C. § 103(g); *In re Great*

1

*Northern Paper, Inc.,* 299 B.R. 1, 5 (D.Me.2003)("A Chapter 11 Committee of Unsecured Creditors is appointed by the United States Trustee pursuant to 11 U.S.C. § 1102(a)(1) of the Bankruptcy Code. When the statutory basis of the case is changed, either through dismissal or, as in this case, conversion, 'the statute under which the Committee was created no longer applies and the committee is automatically dissolved.'"); *In re Kel-Wood Timber Products Co.,* 88 B.R. 93 (Bkrtcy.E.D.Va.1988); *In re Butler,* 94 B.R. 433 (Bkrtcy.N.D.Tex. 1989).

Because the committee is automatically dissolved upon conversion, an attorney for a creditors' committee is not entitled to compensation from the bankruptcy estate for post-conversion services to the former committee. *In re Kel-Wood Timber Products Co.,* at 94-95 ("[T]his Court finds that statutory authority for granting the Applicant's request for compensation after the entry of a conversion order does not exist and that the Applicant's award must be limited for services rendered prior to the conversion." See also *In re Energy Co-op., Inc.*, 95 B.R. 961(Bkrtcy.N.D.Ill 1988); *In re Freedlander, Inc. The Mortg. People*, 103 B.R. 752, 758 (Bkrtcy.E.D.Va.,1989)("[C]onversion to Chapter 7, and the ensuing termination of the Chapter 11 Order For Relief, results in the dissolution of any committee appointed under 11 U.S.C. § 1102, and similarly prevents any award of attorney's fees to committee counsel for post-conversion services.")[1]

Moreover, about half of the fees sought by Farella Braun are for post-conversion defense of its fees. While professionals are entitled to fees for preparing their application for compensation, there is no automatic right to fees for defending a fee application. *In re Riverside-Linden Inv. Co.,* 945 F.2d 320, 323 (9th Cir.1991). As to such matters, the American rule generally applies to bar an award of fees on top of fees. *In re Frazin,* 413 B.R. 378, 400-403 (Bkrtcy.N.D.Tex.2009), and cases cited therein. While it may be possible to recover such fees in some situations, the court finds no such circumstances here. The fees were incurred after conversion had terminated Farella Braun's

---

[1] There is a way for counsel for the committee to be compensated for postpetition work, and that is to be employed by the Chapter 7 Trustee as special counsel. Farella Braun has in fact been appointed special counsel, and is being handsomely compensated for its work as such.

2

employment, were not necessary to the administration of the bankruptcy estate, and were not for the benefit of anyone but Farella Braun.[2]

Farella Braun makes far more than it should have over the fact that the court overruled the objection to its fees. The result could have been far different if another party had raised the same issues. While the court has allowed the fees and overruled an objection, that does not mean the court does not consider them high. They were in fact very high, to the point where the court does not feel that fairness requires Farella Braun to be compensated out of estate funds for defending them. Overall, the court finds the $400,000.00 awarded to Farella Braun for its work as counsel to the Creditors' Committee to be very adequate compensation for its services, even considering that it had to defend them after conversion of the case.

For the foregoing reasons, the application will be denied.[3] Counsel for the Chapter 7 Trustee, who the court feels should have raised these issues himself, shall submit an appropriate form of order.

Dated: April 3, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2] The court can consider these latter matters pursuant to § 330(a)(3)(C) of the Code regardless of when the fees were incurred.

[3] The court cannot readily determine if any of the fees sought in the application now under consideration are for preparing Farella Braun's Chapter 11 final fee application. Denial is without prejudice as to any such request, to be made by separate application.

3