UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CASCADE ACCEPTANCE CORPORATION,    No. 09-13960

Debtor(s).
_____/

Memorandum on Motion to Approve Compromise
_____

Prior to the bankruptcy of debtor Cascade Acceptance Corporation, it had loaned somewhere around $40 million to one Don Hancock and his related entities. The loans were made in several stages and were secured by deeds of trust. In the last stage, the loan documents excluded oil rights of some value. Cascade's bankruptcy trustee, Timothy Hoffman, commenced legal action against Hancock to have the deeds of trust reformed to include the omitted oil rights.

The parties agreed to private mediation, and reached a settlement. Their motion for the court to approve the settlement pursuant to Rule 2002(a)(3) of the Federal Rules of Bankruptcy Procedure is now before the court. Under the terms of the settlement, Hancock agrees that the bankruptcy estate's security interests include oil rights notwithstanding their omission from the last deeds of trust. In return, Hoffman will forbear from foreclosure for 18 months and agree to accept $25 million in full satisfaction if paid during that time. Two creditors who are unsecured creditors of the estate have objected.

The objections, both by practicing attorneys, are unusual from the court's perspective. They

1

spend little or no time on the essential concessions made by Hoffman: that he will wait 18 months to enforce his rights and that he will accept $25 million in full satisfaction of the estate's claims. Hoffman makes sound arguments that he would not be permitted to foreclose too much sooner anyway due to the litigation and that he does not believe the collateral is worth much more than $25 million. Instead, the objecting creditors urge the court to reject the settlement because of how they say the mediator achieved it and because they want the court to impose additional terms. They spend most of their objections on a list of extra terms the court should impose on the agreement.

There is no legal authority for the proposition that a court, in reviewing a settlement, must make inquiry into the tactics of the mediator who facilitated it. The court certainly does not wish to make such law. Like law itself, a settlement is like sausage; we really don't want to get into the details of how it was made. Hoffman's counsel refutes the allegation of the objecting attorneys that mediator acted in a high-handed manner, but in any event the court elects to limit its inquiry to the merits of the settlement itself.

The factors to be considered by the court in considering a compromise are set forth in *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). They include the probability of success, the difficulties, if any, to be encountered in the matter of collection, the complexity of these matters, and the expense, inconvenience and delay necessarily attending them, and the paramount interest of creditors. The only factor which gives the court any pause at all is the fact that the objectors are unsecured creditors. However, they clearly do not understand the role of the court in the settlement process.

The court can only properly approve the settlement or not approve it; there is no provision in the Bankruptcy Code which gives the court the power to re-write the agreement or insist on any sort of terms. The court's only role is to reject the settlement if it is not in the best interests of the bankruptcy estate. *In re Mickey Thompson Entertainment Group, Inc.*, 292 B.R. 415, 420 (9th Cir. BAP 2003). The court could of course reject the agreement if it was flawed, because it might then not

be in the best interests of the estate, but the court sees no flaws here.  Hoffman is a seasoned bankruptcy professional with decades of experience as a trustee, and is himself an attorney.  He is represented by experienced and able counsel.  They have negotiated a settlement which makes good sense for the bankruptcy estate and avoids expensive and protracted litigation.  The settlement itself achieves most of Hoffman's goals in commencing the litigation.  After carefully considering the objections, the court is still firmly convinced that the settlement is in the best interests of the bankruptcy estate.

    For the foregoing reasons, the objections will be overruled and the settlement approved. Counsel for Hoffman shall submit an appropriate form of order.

Dated: September 18, 2011

                                            Alan Jaroslovsky
                                            U.S. Bankruptcy Judge